### HERSHKOWITZ et al. v. GORDON.

District Court, S. D. New York.
Aug. 13, 1930.

Bernard F. Garvey, of Washington, D. C., for plaintiffs.

Robert B. Killgore, of New York City, for defendant.

BONDY, District Judge.

The evidence establishes beyond a reasonable doubt that, if patent No. 76,479, for a design of trimming braid, issued to the plaintiffs October 2, 1928, is valid, it has been infringed by the defendant.

In his answer as amended by stipulation, the defendant alleges that the invention was known to and used by the Mutual Trimming Company, Inc., and the Consolidated Trimming Company, Inc., and many others, before the filing of the application for the patent in suit, and that the design had been in public use and on sale by the Consolidated Trimming Company, Inc., in New York City, and elsewhere in the United States for more than two years before the application was filed.

At the trial, a witness employed by the Mutual Trimming Company testified that the company used the design in the early part of 1926. In an affidavit previously given by him in opposition to a motion for a preliminary injunction, he stated that the company

first commenced making braid of that design in July, 1926.

The superintendent of the Consolidated Trimming Company testified that the company must have made the braid in 1924, though he could not state definitely when the company began to make it.

The sales manager of the Consolidated Trimming Company, who was not able to identify the braid made by that company, testified that the company had been making such braid at least three and a half years.

William C. Naumann, who sold looms to plaintiffs December 27, 1926, testified that he at that time showed plaintiffs a sample of a similar Bezeen cord trimming made on those looms.

At the end of the original trial, the court, having rejected the defendant's offer to corroborate one of the witnesses, stated, and it was understood, that, if the court found defendant's evidence was not sufficient to establish anticipation, the defendant would be given an opportunity to recall Naumann and to call witnesses who purchased such trimming from the Consolidated Trimming Company and Mutual Trimming Company who could produce their books and thereby refresh their memories.

The court, after considering the authorities, deemed it advisable that defendant should be given an opportunity to prove more convincingly, if possible, the defense of prior use. It accordingly signed an order that the trial be reopened to take the testimony of William Naumann and other witnesses.

Naumann was not produced at the rehearing April 7, 1930. Defendant's sales manager testified that the sales manager of the Consolidated informed him that the Consolidated had destroyed all its old records.

An upholsterer testified that he had seen the design in 1924 and 1925 and had bought it from Consolidated and Standard, but that he had destroyed his books.

A manufacturer of upholstered furniture testified that he had used the braid at least four or five years, and that he had bought it from Consolidated, Mutual, and Standard Trimming Companies in 1925 or 1924, or it might have been 1926, and also it might have been 1924.

The founder of the Mutual Trimming Company, and its first president, testified that he first manufactured such braid in the fall of 1924 or the spring of 1925, but he did not have any records.

The witnesses testified from memory as to the similarity of design and time of use, without the production of any contemporaneous records. None produced any books. Not more than two of the many purchasers were called to testify, and they testified only from memory. Naumann was not called, nor was his deposition taken. These circumstances leave a doubt in my mind as to whether plaintiff's design was anticipated, notwithstanding that at the trial I was inclined to believe the testimony of the sales manager of the Consolidated. I therefore cannot say that the defendant has sustained his burden of establishing prior use beyond a reasonable doubt. If the design was used before the filing of the application to the extent claimed by the defendant, he certainly should have established the fact by more convincing evidence.

The court is of the opinion that the plaintiffs were joint inventors. In view of the detailed facts stated by them, I believe that, when they testified that Nathan and not Paul made the design, they meant only that Nathan committed the final design to paper.

There accordingly should be a decree for the plaintiffs.